

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2005

# Span v. Flaherty

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2769

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Span v. Flaherty" (2005). *2005 Decisions.* Paper 1032.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1032

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2769
_____

TERENCE J. SPAN,
Appellant

v.

HONORABLE JOHN P. FLAHERTY; HONORABLE STEPHEN A. ZAPPALA, SR.;
HONORABLE RALPH J. CAPPY; HONORABLE RONALD D. CASTILLE;
HONORABLE RUSSELL M. NIGRO; HONORABLE SANDRA SCHULTZ
NEWMAN; HONORABLE THOMAS G. SAYLOR

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-01264)
District Judge: Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
May 18, 2005

Before:  ALITO, SMITH and BECKER, Circuit Judges

(Filed: June 10, 2005)

_____

OPINION
_____

PER CURIAM

The appellant, Terence Span, appeals <u>pro se</u> from the order of the United States District Court for the Western District of Pennsylvania dismissing his complaint. For the reasons that follow, we will affirm.

In 1998, Span filed a complaint in the District Court for the Western District of Pennsylvania alleging that Jack Mannheimer, a psychiatrist, and Jefferson Hospital treated him for mental illness without his consent. <u>See</u> <u>Span v. Mannheimer, et al.</u>, W.D. Pa. Civ. No. 98-cv-00619. On September 21, 1998, the District Court dismissed Span's complaint for failure to state a claim. Span did not appeal. Span then filed a complaint in the Court of Common Pleas of Allegheny County, again naming Mannheimer and Jefferson Hospital as defendants. Span's complaint was dismissed on the grounds of res judicata and collateral estoppel. The Pennsylvania Superior Court affirmed, and the Pennsylvania Supreme Court denied Span's petition for allowance of appeal on September 4, 2001.

On August 27, 2003, Span filed the underlying complaint pursuant to 42 U.S.C. § 1983 in the District Court for the Western District of Pennsylvania. In his complaint, Span alleged that the named defendants, all Pennsylvania Supreme Court Justices, violated his First and Fourteenth Amendment rights when they denied his petition for allowance of appeal without first ordering a copy of the record from the Pennsylvania Superior Court. Span sought compensatory and punitive damages. The defendants

moved to dismiss Span's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing, inter alia, that they were entitled to absolute judicial immunity. The Magistrate Judge assigned to the case agreed with the defendants, and recommended that Span's complaint be dismissed. Over Span's objections, the District Court dismissed his complaint by order entered on June 1, 2004. This timely appeal followed.

Our standard of review of the District Court's dismissal under Rule 12(b)(6) is plenary. See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). "We must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Moreover, as Span filed his complaint pro se, we must liberally construe his pleadings and apply the applicable law, irrespective of whether he has mentioned it by name. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

It is a well-established principle that judges are absolutely immune from suit for damages under § 1983 when they act in a judicial capacity. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted); see also Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768-69 (3d Cir. 2000). Here, Span's complaint consists entirely of allegations regarding the

3

actions taken by the defendants in their judicial capacity.  Span makes no allegations that would support a determination that the defendants acted in the complete absence of all jurisdiction.  Accordingly, we will affirm the District Court's order dismissing Span's complaint.