

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# Span v. Flaherty

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3848

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Span v. Flaherty" (2008). *2008 Decisions*. Paper 1363.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1363

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-53                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3848

———————

TERENCE J. SPAN,
                                   Appellant

v.

HONORABLE JOHN P. FLAHERTY; HONORABLE STEPHEN A. ZAPPALA, SR.;
HONORABLE RALPH J. CAPPY; HONORABLE RONALD D. CASTILLE;
HONORABLE RUSSELL M. NIGRO; HONORABLE SANDRA SCHULTZ
NEWMAN; HONORABLE THOMAS G. SAYLOR; HONORABLE ZYGMONT A.
PINES; SUPREME COURT OF PENNSYLVANIA ADMINISTRATIVE OFFICE OF
PENNSYLVANIA COURTS

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 07-cv-01145)
District Judge: Honorable Gary L. Lancaster

———————

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and IOP 10.6
November 16, 2007

Before:  BARRY, CHAGARES AND ROTH, <u>CIRCUIT JUDGES</u>.

(Opinion Filed: March 28, 2008)

———————

OPINION

———————

PER CURIAM

This is an appeal from the District Court's dismissal of Terence Span's complaint. For the following reasons, we will dismiss the appeal. See 28 U.S.C. § 1915(e)(2)(B)(i).

In 1998, Span filed a complaint in the United States District Court for the Western District of Pennsylvania under 42 U.S.C. § 1983 alleging that Jack Mannheimer, a psychiatrist, and Jefferson Hospital treated him for mental illness without his consent. See Span v. Mannheimer, W.D. Pa. Civ. No. 98-cv-00619. On September 21, 1998, the District Court dismissed Span's complaint for failure to state a claim. Span did not appeal. Span then filed a complaint in the Court of Common Pleas of Allegheny County, again naming Mannheimer and Jefferson Hospital as defendants. Span's complaint was dismissed on the grounds of res judicata and collateral estoppel. The Pennsylvania Superior Court affirmed, and the Pennsylvania Supreme Court denied Span's petition for allowance of appeal on September 4, 2001.

On August 27, 2003, Span again filed a § 1983 complaint in the Western District. In his complaint, Span alleged that the named defendants, all Pennsylvania Supreme Court Justices, violated his First and Fourteenth Amendment rights when they denied his petition for allowance of appeal without first ordering a copy of the record from the Pennsylvania Superior Court. The District Court dismissed his complaint. Span appealed, and we affirmed. See Span v. Flaherty. 153 Fed. Appx. 523 (3d Cir. 2005)(non-precedential).

On August 21, 2007, Span filed the underlying complaint, also against the Chief

-2-

Justice and Associate Justices of the Pennsylvania Supreme Court, contending that his rights were violated in the 2003 District Court action because in that case the Supreme Court members were represented by a staff attorney from the Administrative Office of the Pennsylvania Courts. Span contends that this representation was improper and violated his rights because the Supreme Court members were sued in their "individual capacities," not in their "official capacities." The District Court dismissed Span's complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii).

We agree with the District Court that Span has failed to state a claim upon which relief may be granted. Span's distinction between the defendants' individual and official capacity has no merit. This Court has previously determined that Span's complaint against the Pennsylvania Supreme Court members consists entirely of allegations regarding the actions taken by the defendants in their judicial capacity. See Span 135 Fed. Appx. at 526. Moreover, we know of no authority supporting Span's claim that state-funded representation of judicial officials in the previous litigation violated his constitutional rights. Therefore, even the most liberal construction of Span's complaint fails to allege any violation of federal or state law.

In sum, because Span's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).